OPINION
Defendant-appellant, Brandon M. Stuber, appeals from the June 22, 1999 judgment entry of the Auglaize County Court of Common Pleas sentencing him to maximum, consecutive prison terms on two counts of gross sexual imposition. For the reasons that follow, we affirm the judgment of the trial court.
The pertinent facts and procedural history of the case are as follows. On April 8, 1999, appellant was indicted by the Auglaize County Grand Jury on three counts of rape, in violation of R.C.2907.02(A)(1)(b), and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4). Pursuant to a negotiated plea agreement, appellant pleaded guilty to two counts of gross sexual imposition.[1] Appellant also accepted as true a finding of sexual predator status. The trial court accepted appellant's guilty pleas, found him guilty of the offenses, and sentenced him to maximum, consecutive terms of imprisonment.
Appellant now appeals, asserting two assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court failed to properly follow the sentencing criteria set forth in Ohio Revised Code, Sections 2929.13 and 2929.14, resulting in the defendant-appellant receiving the maximum sentence on each count.
Appellant maintains in his first assignment of error that the trial court erred in imposing upon him two maximum sentences. For the following reasons, we disagree.
In the case herein, appellant was found guilty of two counts of gross sexual imposition, felonies of the third degree. See R.C. 2907.05(B). A trial court may impose a term of imprisonment of one to five years for a felony of the third degree. See R.C.2929.14(A)(3). Appellant was ordered to serve two five year terms of imprisonment.
Initially, we note that R.C. 2953.08(G)(1) allows a reviewing court to vacate a sentence and remand it to the trial court for resentencing if the appellate court finds, by clear and convincing evidence, that: "(a) the record does not support the sentence; * * * [or] (d) [t]hat the sentence is otherwise contrary to law."
Under Ohio felony sentencing law, a trial court must make certain findings prior to sentencing a defendant to a maximum sentence. R.C. 2929.14(C) states, as follows:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
This Court has repeatedly held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11,2929.12, 2929.14, and 2929.19. which in effect, determine a particular sentence and that a sentence unsupported by these findings is both incomplete and invalid." State v. Bonanno (June 24, 1999), Allen App. No 1-98-59 and 1-98-60, unreported; see, also, State v. Martin (June 23, 1999), Allen App. No. 1-98-81, unreported. A trial court must strictly comply with the relevant sentencing statutes by making such findings on the record at the sentencing hearing. Bonanno,supra, at 6. Further, when required, the court must state its particular reasons for doing so. Id.
In his brief, appellant initially asserts that the trial court's findings with respect to the seriousness and recidivism factors of R.C. 2929.12 are erroneous and do not support the imposition of the maximum prison terms. We first note that the trial judge stated on the record at the sentencing hearing that appellant had committed one of the worst forms of the offense and that he posed the greatest likelihood of committing future crimes.
The trial judge also set forth his reasons for imposing two maximum sentences upon appellant. In doing so, the trial judge correctly utilized and properly considered the seriousness and recidivism factors enumerated in R.C. 2929.12.[2] Despite appellant's claim to the contrary, we find adequate evidence to support the trial court's findings as to the seriousness and recidivism factors enumerated under R.C. 2929.12. Therefore, appellant's argument is not well-taken.
Appellant further argues that the trial court erred in imposing a maximum sentence to count I of the indictment after having found evidence of a R.C. 2929.12(C) mitigating factor. Appellant maintains that he could not have committed the worst form of the offense because the trial court found that a mitigating factor weighed in his favor. Specifically, the trial judge found that the victim had induced or facilitated the offense, a mitigating factor pursuant to R.C. 2929.12(C)(1).
At the sentencing hearing, appellant testified that the alleged female victim, merely eleven years old at the time of the offense, had authored several "love letters" addressed to appellant's brother. According to appellant, the letters indicated that the victim desired "to sleep with" appellant's brother. The trial court found that the actions of the victim in this respect had induced or facilitated the offense. We disagree. Appellant's testimony was insufficient evidence of inducement or facilitation on the part of the victim, and we can find no other evidence in the record to support the trial court's finding in this respect. Having so found, the trial judge erred in reaching such a conclusion. Moreover, we find adequate evidence in the record to support the trial court's finding that appellant had committed the worst form of the offense.
Accordingly, appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court failed to follow Ohio Revised Code, Section 2929.19(B) by ordering the sentences to be served consecutively to eachother [sic].
Appellant asserts in his second assignment of error that the trial court erred in sentencing him to consecutive sentences. For the following reasons, we disagree.
R.C. 2929.14(E) states in pertinent part, as follows:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
When consecutive sentences are imposed under R.C. 2929.14, the trial court must also follow the requirements set forth in R.C.2929.19(B). R.C. 2929.19(B)(2)(c), states in pertinent part, as follows:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under [R.C. 2929.14], its reasons for imposing the consecutive sentences;
In the case herein, a review of the transcript of the hearing reveals that the trial judge stated on the record that the imposition of consecutive sentences was necessary to protect the public from future crime and to punish the offender. The trial judge further found that the imposition of consecutive sentences was not disproportionate to the seriousness of appellant's conduct and to the danger he posed to the public. The trial judge also noted that the harm caused by appellant's offenses was so great or unusual that no single prison term for either of the offenses could adequately reflect the seriousness of his conduct.
Pursuant to the foregoing, the trial judge complied with the statutory requirements of R.C. 2929.14(E)(4) in sentencing appellant to consecutive prison terms. Further, despite appellant's claim to the contrary, the trial court correctly utilized and properly considered the seriousness and recidivism factors enumerated in R.C. 2929.12 in support of its decision to impose the consecutive sentences.[3] For the foregoing reasons, appellant's argument is not well-taken.
Accordingly, appellant's second assignment of error is overruled.
Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
WALTERS and SHAW, JJ., concur.
[1] Appellant pleaded guilty to counts I and III of the indictment, both felonies of the third degree. In exchange for appellant's pleas of guilt, counts II and IV of the indictment were dismissed.
[2] The trial judge, prior to imposing maximum, consecutive sentences, properly considered the seriousness and recidivism factors of R.C. 2929.12.
[3] The trial judge, prior to imposing maximum, consecutive sentences, properly considered the seriousness and recidivism factors of R.C. 2929.12.